**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHANTEL CLEMONS,

        Plaintiffs,

v.

CITY OF DETROIT,

        Defendants.

Case No. 09-13480

Hon. Sean F. Cox

_____/

**OPINION & ORDER DENYING DEFENDANT'S**
**EMERGENCY MOTION TO DISQUALIFY COUNSEL AND GRANTING**
**THE PARTIES' JOINT MOTION TO AMEND THE SCHEDULING ORDER**

INTRODUCTION

Plaintiff Chantel Clemons ("Clemons") filed an employment-discrimination suit against

the City of Detroit ("City"). The case is before the Court on the City's Emergency Motion to

Disqualify Counsel (Doc. No. 9). The parties submitted briefs and presented oral argument on

April 26, 2010. For the following reasons, the Court shall DENY the motion.

BACKGROUND

From 2002 until September 2008, during the Kilpatrick administration, Clemons worked

for the City in an appointed position. (Clemons Dep. at 26:11; 45:8-12.)

After her appointment ended in September 2008, Clemons sought and obtained a civil-

service position in the City's Workforce Development Department. (*Id.* at 45:9-12.)

On November 14, 2008, during the Cockrel administration, Clemons was removed from

her position. (Letter from Shannon Holmes to Chantel Clemons, Nov. 14, 2008.) Clemons

alleges that she was removed for discriminatory reasons. The City claims that she was never

properly certified for the position.

After filing this lawsuit on July 8, 2009, Clemons' counsel conducted an *ex-parte*

interview of Patricia Peoples. Peoples, the *former* Deputy Director of Human Resources at the

City, was involved with hiring Clemons for the Workforce Development Department position.

On March 10, 2010, Clemons' counsel told the City's counsel that he had conducted an

interview with Patricia Peoples.

On March 16, 2010, City's counsel filed this motion (Doc. No. 9).

Patricia Peoples has recently retained an attorney. (Def.'s Br. at 5.)

ANALYSIS

The City asserts that Clemons' counsel violated Michigan Rule of Professional Conduct

4.2 (" Rule 4.2"), by conducting an *ex-parte* interview with Patricia Peoples, a former City

employee. (Def.'s Motion at ¶ 11.) The City asks the Court to disqualify Clemons' counsel, or

prohibit Patricia Peoples from testifying. (*Id.* at ¶ 13.)

Clemons argues that the *ex parte* interview did not violate Rule 4.2, and asks the Court to

consider sanctioning the City for attempting to thwart discovery. (Pl.'s Res. at ¶ 11 & 13.)

Before the Court determines which sanctions, if any, are appropriate, it must first

determine whether counsel's interview violated Rule 4.2.[1]

Rule 4.2 states, "In representing a client, a lawyer shall not communicate about the

subject of the representation with a party whom the lawyer knows to be represented in the matter

---

[1]This Court has incorporated the Michigan Rules of Professional Conduct pursuant to
Local Rule 83.22(b).

by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law

to do so." MICH. RULES OF PROF'L CONDUCT R. 4.2.  The Court notes that the text of the rule

does not prohibit a lawyer from communicating with former employees of a represented party.

The comments to Rule 4.2 indicate that the rule does apply, in certain situations, to

employees of represented parties.  The comment states:

> In the case of an organization, this rule prohibits communications by
> a lawyer for one party concerning the matter in representation with
> persons having a managerial responsibility on behalf of the
> organization, and with any other person whose act or omission in
> connection with that matter may be imputed to the organization for
> purposes of civil or criminal liability or whose statement may
> constitute an admission on the part of the organization.  If an agent
> or employee of the organization is represented in the matter by
> separate counsel, the consent by that counsel to a communication will
> be sufficient for the purposes of this rule.

MICH. RULES OF PROF'L CONDUCT R. 4.2 cmt.

While the comment "explains the application of Rule 4.2 to a corporate party, it does not

expand the scope of that rule." *Valassis v. Sameleson*, 143 F.R.D. 118, 122 (E.D. Mich. 1992)

(Rosen, C.J.).  The comment does not explicitly refer to former employees, nor is it expressly

limited to current employees.

Comment 7 to the Model Rule of Professional Conduct 4.2, however, expressly states

that "consent of the organization's lawyer is *not required* for communication with a *former*

constituent."  MODEL RULES OF PROF'L CONDUCT R. 4.2 cmt. 7 (2009) (emphasis added).[2]

A majority of courts have held that Rule 4.2 does not apply to any former employees.

*See Valassis,* 143 F.R.D at 121 (internal citations omitted); *Serrano v. Cintas Corp*., 2009 WL

---

[2]Apart from minor stylistic differences, Michigan Rule of Professional Conduct 4.2 is the same as the American Bar Association's ("ABA") Model Rule of Professional Conduct 4.2.

5171802 (E.D. Mich. 2009) (Scheer, M.J.). The ABA Committee on Ethics and Professional Responsibility has also adopted this position. *See* ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 91-359 (1991).

A minority of courts, however, have applied Rule 4.2 to former employees in certain situations, such as where the former employee was a member of an organization's management or control group, or where the former employee had privileged or confidential information, or where the conduct of the former employee could have been imputed to the employer. *Serrano*, 2009 WL 5171802 at *2-3 (internal citations omitted).

The City argues that the conduct of Patricia Peoples, as a former Deputy Director of the Human Resources Department, could be imputed to the City. (Def.'s Br. at 3.) Relying on *Serrano*, the City argues that Clemons' counsel violated Rule 4.2, and should be disqualified.

The City's reliance on *Serrano* is misplaced. *Serrano* was expressly limited to its facts. *See Serrano*, 2009 WL 5171802 at *3 ("[T]he circumstances of the present case require a more nuanced approach.").

In *Serrano,* counsel for the Equal Employment Opportunity Commission ("EEOC") filed a Motion for Leave to Interview the Former Decision Makers Outside the Presence of Defense Counsel, but refused to identify the former Cintas employees. The Magistrate Judge wrote, "In the absence of a showing that the potential witnesses were not members of Cintas' management group, and that they were not privy to confidential or privileged information, I am unable to conclude that Rule 4.2 is *totally inapplicable*." *Id.* at *2 (emphasis added). The court then *granted* the EEOC's motion, but stated that the *ex-parte* interviews were to be conducted in accordance with certain guidelines.

4

Here, both parties know Patricia Peoples' identity and former position, and during oral argument, both parties conceded that she was an "important" official. Despite the fact that Patricia Peoples was involved with hiring Clemons, the City has not alleged that she was involved with Clemons' termination, or that she possessed any confidential or privileged information regarding Clemons' termination. Accordingly, the Court finds that under these facts, the *ex parte* interview did not violate Rule 4.2.

Further, Clemons' counsel reasonably relied on *Valassis* and ABA Formal Op. 91-359, and did not try to conceal the interview from the City. In light of this and the other facts of this case, the Court finds that disqualification of counsel would be an excessive sanction.

The Court will not impose sanctions on either party at this time. The Court will, however, extend the discovery period by two months to allow Clemons' counsel to proceed with the depositions that were cancelled following the filing of this motion.

CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Emergency Motion to Disqualify Counsel is **DENIED**, and the discovery period is extended by two months. A new scheduling order will be filed.

**IT IS SO ORDERED**.


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: May 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2010, by electronic and/or ordinary mail.

5

S/Jennifer Hernandez
Case Manager