UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANTEL CLEMONS

    Plaintiff,

v.                                                                          Case No. 04:09-CV-13480
                                                                           HON. MARK A. GOLDSMITH

CITY OF DETROIT,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT, GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are three motions:

- Motion for Leave to File an Amended Complaint by Plaintiff Chantel Clemons (Docket Entry 22);

- Motion for Summary Judgment by Defendant City of Detroit (the "City") (Docket Entry 23);

- "Motion to Remand Back to State Court and to Dismiss all Title VII Claims by Plaintiff" (Docket Entry 31).

The background facts and procedural history relative to these motions are summarized as follows.

In July 2009, Plaintiff sued the City asserting employment claims under Michigan and federal law. Specifically, Plaintiff alleged race and sex discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and under the Michigan Elliott-Larsen Civil Rights Act (Mich. Comp. Law. § 37.2101 et seq.) and a common law claim for violation of public policy.

Originally filed in Wayne County Circuit Court, the action was removed by the City to this Court in September 2009. In November 2010, Plaintiff filed her Motion for Leave to File an

Page 1

Amended Complaint, seeking to withdraw her claims of race discrimination and to assert new state law claims that the City's termination of Plaintiff allegedly violated laws, rules, or regulations prohibiting termination of employees except for cause. Plaintiff did not seek to disturb her pending public policy claim or her sex discrimination claims under state and federal law. Shortly thereafter, the City filed a motion for summary judgment. In December 2010, following a conference with the Court, Plaintiff filed a "Motion to Remand Back to State Court and to Dismiss all Title VII Claims," seeking to dismiss her sex discrimination claim based on her failure to exhaust administrative remedies and to remand the remaining state law claims to state court. The City opposes remand on the grounds that it has invested substantial time in litigating this case in this Court, and that it has a pending motion for summary judgment as to all of Plaintiff's claims.

The federal claims that Plaintiff seeks to dismiss in her "Motion to Remand Back to State Court and to Dismiss all Title VII Claims" are sex discrimination claims, as to which Plaintiff acknowledges she has not exhausted her administrative remedies. Given that Plaintiff acknowledges the defect in those claims, the Court will dismiss those claims without prejudice to refiling the claims in state court.

Because Plaintiff's Motion for Leave to File an Amended Complaint seeks, among other things, dismissal of the race discrimination claims, that motion will be granted with respect to that request only. Given that the Plaintiff's own motion suggests that there is no basis for the race discrimination claims, the dismissal of those claims, both under state and federal law, will be with prejudice. Since that motion also seeks to add certain state law claims, the balance of that motion is denied without prejudice to refiling the claims in state court.

Generally, once all federal claims are dismissed, a federal court should "declin[e] to exercise jurisdiction over the remaining state-law claims." Taylor v. First of America Bank-

Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). While declining jurisdiction over the remaining state law claims is not mandatory, it is within a court's discretion to decide whether to exercise supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367. Taylor, 973 F.2d at 1287. In making that determination, a trial court must balance the interests of "judicial economy and fairness." Id.

The City cites Taylor and other cases in support of its argument that where a court has invested substantial resources to a case, it is in the interest of judicial economy and fairness to maintain adjudication of the state law claims in federal court. However, this case was only recently reassigned to the undersigned district judge on September 14, 2010. Since that time, the undersigned judge has reviewed the pending summary judgment motion sufficiently to understand the issues it raises, but he has not invested the significant time necessary to decide the motion and issue an opinion. As a consequence, there would be no waste of judicial resources in remanding this case to the state court where it originated. Nor would remand create any unfairness for the City. While the City would understandably prefer to have its summary judgment motion decided sooner rather than later, it has failed to identify any specific prejudice it would suffer as a result of any delay caused by remand. Finally, while the City alleges that Plaintiff has engaged in a manipulative tactic by seeking a return to state court, it has failed to substantiate that charge. Therefore, in this case, it is in the interest of judicial economy and fairness for the Court to dismiss the federal claims and remand the remaining state law claims to state court.

Given that the Court has dismissed or remanded all claims, Defendant's Motion for Summary Judgment is now moot. Therefore, the Court will deny that motion without prejudice.

For the reasons stated, it is ordered as follows:

1. Plaintiff's "Motion to Remand Back to State Court and to Dismiss all Title VII Claims" (Docket Entry 31) is granted. Plaintiff's sex discrimination claims under federal law are dismissed without prejudice, and this action is remanded to the Wayne County Circuit Court.

2. Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry 22) is granted in part. Her race discrimination claims under state and federal law are dismissed with prejudice; the balance of the motion is denied without prejudice.

3. Defendant's Motion for Summary Judgment (Docket Entry 22) is denied without prejudice.

      s/Mark A. Goldsmith
      MARK A. GOLDSMITH
      United States District Judge

Dated: March 23, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2011.

      s/Deborah J. Goltz
      DEBORAH J. GOLTZ
      Case Manager